Opinion Issued July
29, 2010

 

 

 

 

 

 


 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 

 
 


 

 

 

 

In The

Court of Appeals

For The

First District of
Texas

 


 
 

 
 



NO. 01-08-00516-CR

____________

 








REGINALD BELINOSKI, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 


 
 

 
 
 

On Appeal from the 263rd District Court

Harris County, Texas

Trial Court Cause No. 1087433

 


 
 

 
 
 



MEMORANDUM OPINION








Appellant, Reginald Belinoski,
appeals from a judgment sentencing him to 15 years confinement for Aggravated
Sexual Assault of a Child.  See
Tex. Penal Code Ann. § 22.021
(Vernon 2008).  Appellant’s
court-appointed counsel has filed an Anders briefs in which he states
that no valid grounds for appeal exist and that appellant’s appeal is
frivolous.  Anders v. California,
386 U.S. 738, 744, 87 S. Ct. 1396, 1400 (1967). 
Appellant filed a pro se response. 
We conclude no reversible error exists and affirm. 

Background








          Appellant,
Reginald Belinoski, pleaded guilty to the offense of aggravated sexual assault
of a child.  Pursuant to a plea bargain
agreement, the trial court deferred adjudication of guilt, placing appellant on
community supervision for 10 years.  The
State subsequently filed a Motion to Adjudicate Guilt to which appellant
pleaded true.  The State and appellant
did not agree to the sentence that the trial court should impose.  The trial court found true the State’s
allegations that appellant had violated the conditions of his community
supervision by failing to avoid injurious or vicious habits, found appellant
guilty, and sentenced him to confinement for 15 years. 








Anders Procedure








          Appellant’s court-appointed attorney
filed a motion to withdraw as counsel and a brief in support of that
motion.  The brief submitted by
appellant’s court-appointed counsel states his professional opinion that there
are no arguable grounds for reversal on appeal and that any appeal would,
therefore, lack merit.  See Anders,
386 U.S. at 744, 87 S. Ct. at 1400. 
Counsel’s brief meets the minimum Anders requirements by
presenting a professional evaluation of the record and stating why there are no
arguable grounds for reversal on appeal. 
See Gainous v. State, 436 S.W.2d 137, 138 (Tex. Crim. App.
1969). 

          When we receive an Anders
brief from a defendant’s court-appointed attorney who asserts that no arguable
grounds for appeal exist, we must determine that issue independently by
conducting our own review of the entire record.  Anders, 386 U.S. at 744, 87 S. Ct. at 1400
(emphasizing that reviewing court—and not counsel—determines, after full
examination of proceedings, whether case is “wholly frivolous”); Stafford v.
State, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).  In conducting our review, we consider any pro
se response that the defendant files to his appointed counsel’s Anders
brief.  See Bledsoe v. State, 178
S.W.3d 824, 826–28 (Tex. Crim. App. 2005). 


          Our
role in this Anders appeal is limited to determining whether arguable
grounds for appeal exist.  Bledsoe,
178 S.W.3d at 827.  If we determine that
arguable grounds for appeal exist, we must abate the appeal and remand the case
to the trial court to allow the court-appointed attorney to withdraw.  Id. 
The trial court must then either appoint another attorney to present all
arguable grounds for appeal or, if the defendant wishes, allow the defendant to
proceed pro se.  Id.  We do not rule on the ultimate merits of the
issues raised by appellant in his pro se response.  Id. 
If we determine that there are arguable grounds for appeal,
appellant is entitled to have new counsel address the merits of the issues
raised.  Id.  “Only after the issues have been briefed by
new counsel may [we] address the merits of the issues raised.”  Id.   


          If,
on the other hand, we determine, from our independent review of the entire
record, that the appeal is wholly frivolous, we may affirm the trial court’s
judgment by issuing an opinion in which we explain that we have reviewed the
record and have found no reversible error. 
Bledsoe, 178 S.W.3d at 826–27. 
The holding that there are no arguable grounds for appeal is subject to
challenge by an appellant by a petition for discretionary review filed in the
Court of Criminal Appeals.  Id. at
827 n.6. 

          In
accordance with Anders and Bledsoe, we have reviewed the record,
appellant’s appointed counsel’s Anders brief, and appellant’s pro se notice
of appeal and motion for new trial and sentence and conclude that no reversible
error exists.




 

Conclusion

          We
affirm the judgment of the trial court and grant appointed counsel’s motion to
withdraw.[2]


                             

                                                          

PER CURIAM

 

 

Panel consists of Justices Wilson, Alcala, and
Massengale.

 

Do not publish. 
Tex. R. App. P. 47.2(b). 

 

 

 

 

 











[2]           Appointed
counsel still has a duty to inform appellant of the result of this appeal and
that he may, on his own, pursue discretionary review in the Court of Criminal
Appeals.  See Bledsoe v. State,
178 S.W.3d 824, 827 & n.6 (Tex. Crim. App. 2005); Ex Parte Wilson,
956 S.W.2d 25, 27 (Tex. Crim. App. 1997); Stephens v. State, 35 S.W.3d
770, 771–72 (Tex. App.—Houston [1st Dist.] 2000, no pet.).